TJOFLAT, Circuit Judge,
concurring specially.
According to the presentence report (“PSI”) in this case, the base offense level[1] and the specific offense characteristics[2] adjusted for Wade’s acceptance of responsibility[3] yielded an adjusted offense level of 24. The PSI then fixed Wade’s criminal history category at IV. An offense level 24 and a criminal history of IV prescribed a sentence range of 77 to 96 months’ imprisonment. Wade’s Count One and Count Two convictions for possession of child *350 pornography[4] subjected Wade to maximum and mandatory minimum penalties of 20 years’ and 10 years’ imprisonment, respectively.[5] Wades’ Count Four conviction for receipt of child pornography[6] subjected Wade to maximum and mandatory minimum penalties of 40 years’ and 15 years’ imprisonment, respectively.[7]
The Guidelines prescribed the mandatory minimum 120 months’ imprisonment as the sentences for Counts One and Two and the mandatory minimum 180 months’ imprisonment as the sentence for Count Four.[8] Based on facts not admitted by the defendant, the district court departed upwardly from the above prescribed sentences and imposed concurrent prison terms of 240 months on Counts One and Two and 262 months on Count Four.[9]
As the court properly holds, in enhancing the defendant’s sentences in this fashion, the district court committed Booker error that is plain. Ante at 349. Turning to the third prong of the plain-error inquiry, the court concludes that Wade failed to establish that the court would likely have imposed lesser sentences had it treated the Guidelines as advisory rather than mandatory. Ante at 349.
As I explain in my dissent to the court’s refusal to rehear Rodriguez en banc, the enhancement of a defendant’s sentence on the basis of facts the defendant neither admits nor the jury finds beyond a reasonable doubt is structural error; hence, the third prong of the plain-error test is inapplicable. See United States v. Rodriguez, 406 F.3d 1261 (11th Cir.2005) (Tjoflat, J., dissenting from the denial of rehearing en banc). Accordingly, we should consider whether the error “seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.” United States v. Olano, 507 U.S. 725, 736, 113 S.Ct. 1770, 1779, 123 L.Ed.2d 508 (1993). We decline to take that step, however, because the prior-panel rule requires that we adhere to Rodriguez’s holdings.

. See U.S.S.G. § 2G2.4(a).

. See U.S.S.G. §§ 2G2.4(b)(1), (b)(3), (b)(4) and (b)(5)(C).

. See U.S.S.G. § 3E1.1(a) and (b).

. See 18 U.S.C. § 2252A(a)(5)(B).

. See 18 U.S.C. § 2252A(b)(2).

. See 18 U.S.C. § 2252A(a)(2)(B).

. See 18 U.S.C. § 2252A(b)(l).

. See U.S.S.G. § 5G1.1(c)(2).

. As the court states, ante at 349, the district court relied upon as fact " 'at least three instances with at least three separate victims of lewd and lascivious acts [by Wade] with a child under the age of 14’ that did not result in a criminal conviction.”